**BRINN v. PIONEER CO., et al.**

Industrial Commission.

June 14, 1954.

149

149

149

149

James C. Paine, Earnest, Lewis, Smith & Jones, West Palm Beach, for the employer and insurance carrier.

## BY THE COMMISSION.

This cause came on to be heard upon application for review of an order by a deputy commissioner which is set forth in part below—

> On August 18, 1951 the claimant, Mrs. Donna R. Brinn, sustained a knee injury arising out of and in the course of her employment with the Pioneer Co. in West Palm Beach when her left kneecap slipped as she was attempting to climb on to a counter. Her average weekly wage at the time of her injury was $38.89. She reported her injury to her supervisor on the day of its occurrence and he authorized her to obtain medical treatment. Within the next two days she began to undergo medical treatment under Dr. W. L. Shackleford who later referred her to Dr. Theodore Norley, an orthopedist, on January 16, 1952. Mrs. Brinn wore a knee brace for about a year after her injury. The insurance carrier paid the expense of her treatment by Dr. Shackleford.
>
> Dr. Norley performed an operation on her knee on September 23, 1953, following which she was temporarily totally disabled as a result thereof for a period of four and a half weeks. Until then, she had not been disabled because of her injury. No compensation payments have been made to her on account of her injury or operation.
>
> Mrs. Brinn claims the expense of her medical treatment by Dr. Norley, together with compensation for the temporary total disability which resulted from her operation. The insurance carrier denies liability on the grounds—(1) that her knee condition was not the result of an injury by accident, (2) that Dr. Norley was not authorized by the employer or carrier to treat her, (3) that her claim for compensation is barred by the two year statute of limitations.
>
> The evidence sufficiently establishes that her knee condition was due to injury by accident within the meaning of that term as presently defined by the Supreme Court. The evidence also shows that she was authorized by the employer to select a physician of her own choice, who, in turn, referred her to Dr. Norley, a specialist, and thus sustains the conclusion that Dr. Norley's treatment was, in practical effect, authorized by the employer. It is apparent, then, that the carrier is liable for the expense of the medical treatment by Dr. Norley. The only remaining question relates to the carrier's liability for compensation for the temporary disability incident to the operation.

Section 440.19(1) of the Act bars the right to compensation "unless a claim therefor is filed within two years after the time of injury * * *." The question is presented whether this statute is applicable to claims for compensation for disability incident to and directly caused by medical treatment, *where the carrier is liable for the expense of such treatment.*

It is the finding of the undersigned deputy commissioner that the two year statute of limitations is not applicable to claims for compensation for disability *incident to and directly associated with medical treatment furnished by the carrier, or for which the carrier is liable.* Accordingly the carrier is ordered to pay compensation to the claimant at a rate of $23.93 per week for a period of four weeks, beginning as of September 27, 1953. (Italics added.)

We cannot agree with the deputy commissioner in his construction of section 440.19(1) of the law. Our Supreme Court has considered this section on different occasions and has clearly stated that the sole exception to the section is set forth in the section itself. In one of its most recent decisions, Dobbs v. Sea Isle Hotel, 58 So. 2d 341, it is stated that the legislature, in clear and unambiguous language, has defined the expression "time of injury" to mean the time of the occurrence of the accident resulting in the injury, and that there is no room to theorize. The court stated at page 342—

It is very clear that the legislature intended there should be but one exception to the provision that the right to compensation should be barred unless a claim therefor be filed within two years after the time of injury, which exception is clearly expressed in the following words: "except that if payment of compensation has been made without an award on account of such *injury* or death, a claim may be filed within two years *after the date of the last payment.*" (Emphasis supplied). We have oft-times held that the rule "Expressio unius est exclusio alterius" is applicable in connection with statutory construction. This maxim, which translated from the Latin means: express mention of one thing is the exclusion of another, is definitely controlling in this case. The legislature made one exception to the precise language of the statute of limitations. We apprehend that had the legislature intended to establish other exceptions it would have done so clearly and unequivocally. We must assume that it thoroughly considered and purposely preempted the field of exceptions to, and possible reasons for tolling, the statute. We cannot write into the law any other exception, nor can we create by judicial fiat a reason, or reasons, for tolling the statute since the legislature dealt with such topic and thereby foreclosed judicial enlargement thereof.

It is our opinion that section 440.19 bars this claim for compensation. We are not unmindful of the harshness of the result in the present case, but the remedy is for the legislature and is not within the power of this commission. That portion of the deputy commissioner's order which awards compensation is reversed, the portion awarding medical expenses is affirmed.